## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Vincent Vazquez, | : |
| | : |
| Plaintiff, | : |
| | : |
| v. | : |
| | :   Civil Action No. |
| Winchester Walk Apartments d/b/a | : |
| WWW Premier Holdings LLC, | : |
| | : |
| and | : |
| | : |
| WWW Premier Holdings LLC, | : |
| | : |
| and | : |
| | : |
| WWR Premier Holdings LLC, | : |
| | : |
| and | : |
| | : |
| Premier Properties and Management | : |
| Associates LLC, | : |
| | : |
| and | : |
| | : |
| Premier Properties and Management LLC, | : |
| | : |
| Defendants. | : |
| | : |

## <u>NOTICE OF REMOVAL</u>

Defendants, WWW Premier Holdings LLC, WWR Premier Holdings LLC, Premier

Properties and Management Associates LLC, and Premier Properties and Management LLC

("Defendants") by and through their undersigned counsel Rawle & Henderson LLP, pursuant to

28 U.S.C. §§ 1441, 1446, hereby file their Notice of Removal of this action from the Court of

Common Pleas of Philadelphia County, Pennsylvania, to the United States District Court for the

Eastern District of Pennsylvania, on the following grounds:

1.     On July 12, 2022, Plaintiff, Vincent Vazquez ("Plaintiff"), commenced a civil action in the Court of Common Pleas of Philadelphia County, styled as *Vincent Vazquez v. Winchester Walk Apartments DBA WWW Premier Holdings LLC, et al.*, Case No.   (the "State Court Action").

2.     This Notice of Removal is being filed within thirty (30) days of Defendants' notice of Plaintiff's Complaint and, therefore, under 28 U.S.C. § 1446(b)(1), this Notice of Removal is timely and proper.

3.     Additionally, pursuant to 28 U.S.C. § 1446(a), true and legible copies of the Plaintiff's Complaint, as well all process, pleadings, orders, and other papers or exhibits of every kind on file in the state and known to have been served by, or upon Defendants, are attached hereto as Exhibit "A." Defendants are not aware of any further proceeding in the above-described civil action.

4.     This Court possesses original jurisdiction over this matter pursuant to 28 U.S.C. § 1332, as this civil action involves individuals and entities of different States and the amount in controversy exceeds $75,000.00.

5.     Plaintiff is a citizen of the Commonwealth of Pennsylvania.

6.     Defendant Winchester Walk Apartments d/b/a WWW Premier Holdings LLC is a fictitious name.

7.     Defendant WWW Premier Holdings LLC is a limited liability company incorporated in the State of Delaware with all its members residing outside of the Commonwealth of Pennsylvania.  Defendant WWW Premier Holdings LLC has a principal place of business outside the Commonwealth of Pennsylvania.

8.     Defendant WWR Premier Holdings LLC is a limited liability company incorporated in the State of Delaware with all its members residing outside of the Commonwealth of Pennsylvania.  Defendant WWR Premier Holdings LLC has a principal place outside the Commonwealth of Pennsylvania.  The events alleged in the factual averments of the Complaint occurred at a property in which WWR Premier Holdings LLC did not own, control, or otherwise maintain.  Therefore, WWR Premier Holdings LLC has no connection to the State Court Action.

9.     Defendant Premier Properties and Management Associates LLC is a limited liability company incorporated in the State of New Jersey with all its members residing outside of the Commonwealth of Pennsylvania.  Defendant Premier Properties and Management Associates LLC has a principal place of business outside the Commonwealth of Pennsylvania.

10.     Defendant Premier Properties and Management LLC is a limited liability company incorporated in the State of New Jersey with all its members residing outside of the Commonwealth of Pennsylvania.  Defendant Premier Properties and Management LLC has a principal place of business outside the Commonwealth of Pennsylvania.  The events alleged in the factual averments of the Complaint have no connection to Defendant Premier Properties and Management LLC.   Therefore, Defendant Premier Properties and Management LLC has no connection to the State Court Action.

11.     Defendants will promptly file in the State Court Action the Notice of Filing Notice of Removal attached hereto as Exhibit "B,"[1] with a copy of this Notice of Removal, in the Office of Judicial Records for the Court of Common Pleas of Philadelphia County.

_____

[1] The exhibit to the Notice of Filing Notice of Removal, consisting of this Notice of Removal, has been omitted from Exhibit B.

12.     Defendants will also promptly provide a written copy of the Notice of Removal to Plaintiff.

13.     Defendants have complied with all conditions precedent to the removal of this action.

**WHEREFORE**, Defendants WWW Premier Holdings LLC, WWR Premier Holdings LLC, Premier Properties and Management Associates LLC, and Premier Properties and Management LLC, respectfully give notice that the above-described civil action now pending in the Court of Common Pleas of Philadelphia County is removed therefrom to this Court.

Respectfully Submitted,

**RAWLE & HENDERSON, LLP**

By: _____

Sheila E. O'Donnell, Esquire
Robert E. Gordon, Esquire
PA Id. 73323, 306778
725 Skippack Pike, Suite 230
Blue Bell, PA 19422
Tel.: (610) 940-4092
sodonnell@rawle.com
rgordon@rawle.com
*Attorney for Defendants
WWW Premier Holdings LLC,
WWR Premier Holdings LLC,
Premier Properties and Management
Associates LLC, and Premier Properties and
Management LLC*

Dated: August 1, 2022

4

## CERTIFICATE OF SERVICE

I, Sheila E. O'Donnell, Esquire, certify that on this 1st day of August, 2022, a true and correct copy of Defendants WWW Premier Holdings LLC's, WWR Premier Holdings LLC's, Premier Properties and Management Associates LLC's, and Premier Properties and Management LLC's Notice of Removal was served via electronic mail and U.S. Mail upon the following counsel:

Marc I. Simon, Esquire
Simon & Simon, PC
18 Campus Boulevard, Suite 100
Newtown Square, PA 19073
marcsimon@gosimon.com
CourtFilingsPHL2@gosimon.com
*Attorney for Plaintiff Vincent Vazquez*

RAWLE & HENDERSON, LLP

By:

Sheila E. O'Donnell, Esquire
Robert E. Gordon, Esquire
PA Id. 73323,306778
725 Skippack Pike, Suite 230
Blue Bell, PA 19422
Tel.: (610) 940-4092
sodonnell@rawle.com
rgordon@rawle.com
*WWW Premier Holdings LLC,*
*WWR Premier Holdings LLC,*
*Premier Properties and Management*
*Associates LLC, and Premier Properties and*
*Management LLC*

Dated: August 1, 2022

# EXHIBIT A

Court of Common Pleas of Philadelphia County
Trial Division

# Civil Cover Sheet

| For Prothonotary Use Only (Docket Number) |
| --- |
| **JULY 2022** |
| E-Filing Number: 2207019221 |

**000873**

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
| --- | --- |
| VINCENT VAZQUEZ | WINCHESTER WALK APARTMENTS, ALIAS: WWW PREMIER HOLDINGS, LLC |

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
| --- | --- |
| 2650 WELSH RD. APT. 16<br>PHILADELPHIA PA 19152 | 2600 WELSH RD. SUITE 1<br>PHILADELPHIA PA 19152 |

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
| --- | --- |
| | WWW PREMIER HOLDINGS, LLC |

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
| --- | --- |
| | 110 HILLSIDE BLVD. SUITE 15<br>LAKEWOOD NJ 08701 |

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
| --- | --- |
| | WWR PREMIER HOLDINGS, LLC |

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
| --- | --- |
| | 920 EAST COUNTY LINE RD.<br>LAKEWOOD NJ 08701 |

| TOTAL NUMBER OF PLAINTIFFS | TOTAL NUMBER OF DEFENDANTS | COMMENCEMENT OF ACTION |
| --- | --- | --- |
| 1 | 5 | ☒ Complaint ☐ Petition Action ☐ Notice of Appeal<br>☐ Writ of Summons ☐ Transfer From Other Jurisdictions |

| AMOUNT IN CONTROVERSY | COURT PROGRAMS | | | |
| --- | --- | --- | --- | --- |
| ☐ $50,000.00 or less<br>☒ More than $50,000.00 | ☐ Arbitration<br>☐ Jury<br>☒ Non-Jury<br>☐ Other: | ☐ Mass Tort<br>☐ Savings Action<br>☐ Petition | ☐ Commerce<br>☐ Minor Court Appeal<br>☐ Statutory Appeals | ☐ Settlement<br>☐ Minors<br>☐ W/D/Survival |

| CASE TYPE AND CODE |
| --- |
| 2S - PREMISES LIABILITY, SLIP/FALL |

| STATUTORY BASIS FOR CAUSE OF ACTION |
| --- |
| |

| RELATED PENDING CASES (LIST BY CASE CAPTION AND DOCKET NUMBER) | | IS CASE SUBJECT TO COORDINATION ORDER? |
| --- | --- | --- |
| | **FILED**<br>**PRO PROTHY**<br><br>JUL 12 2022<br><br>**A. STAMATO** | YES    NO |

**TO THE PROTHONOTARY:**

Kindly enter my appearance on behalf of Plaintiff/Petitioner/Appellant: VINCENT VAZQUEZ

Papers may be served at the address set forth below.

| NAME OF PLAINTIFF'S/PETITIONER'S/APPELLANT'S ATTORNEY | ADDRESS |
| --- | --- |
| MARC I. SIMON | SIMON & SIMON PC<br>18 CAMPUS BLVD<br>SUITE 100<br>NEWTOWN SQUARE PA 19073 |

| PHONE NUMBER | FAX NUMBER |
| --- | --- |
| (215)467-4666 | (267)639-9006 |

| SUPREME COURT IDENTIFICATION NO. | E-MAIL ADDRESS |
| --- | --- |
| 201798 | CourtFilingsPHL2@gosimon.com |

| SIGNATURE OF FILING ATTORNEY OR PARTY | DATE SUBMITTED |
| --- | --- |
| MARC SIMON | Tuesday, July 12, 2022, 12:17 pm |

FINAL COPY (Approved by the Prothonotary Clerk)

**COMPLETE LIST OF DEFENDANTS:**

1. WINCHESTER WALK APARTMENTS
   ALIAS: WWW PREMIER HOLDINGS, LLC
   2600 WELSH RD. SUITE 1
   PHILADELPHIA PA 19152
2. WWW PREMIER HOLDINGS, LLC
   110 HILLSIDE BLVD. SUITE 15
   LAKEWOOD NJ 08701
3. WWR PREMIER HOLDINGS, LLC
   920 EAST COUNTY LINE RD.
   LAKEWOOD NJ 08701
4. PREMIER PROPERTIES AND MANAGEMENT ASSOCIATES, LLC
   300 BOULLEVARD OF THE AMERICAS SUITE 104
   LAKEWOOD NJ 08701
5. PRERMIER PROPERTIES AND MANAGEMENT, LLC
   300 BOULEVARD OF THE AMERICAS SUITE 104
   LAKEWOOD NJ 08701

THIS IS NOT AN ARBITRATION COMPLAINT
AN ASSESSMENT OF DAMAGES HEARING
IS REQUIRED

*Filed and Attested by the Office of Judicial Records 12 JUL 2022 12:17 pm A. STAMATO*

**SIMON & SIMON, P.C.**
BY:  Marc I. Simon, Esquire
     Joshua A. Rosen, Esquire
     Matthew J. Zamites, Esquire
     Brian F. George, Esquire
     Andrew Baron, Esquire
     Joshua Baer, Esquire
     Michael K. Simon, Esquire
     Sam Reznik, Esquire
     Mary G. McCarthy, Esquire
     Harry Gosnear, Esquire
     Daniel Ward, Esquire

Christopher Green, Esquire
Kane Daly, Esquire
Brittany Sturges, Esquire
Kelly Peterson, Esquire
Sarkis Dramgotchian, Esquire
Roman Galas, Esquire
Christopher Burruezo, Esquire
Anthony Canale, Esquire

Attorney ID No.'s:
*201798*
18 Campus Blvd., Suite 100
Newtown Square, PA 19073
(215-467-4666)

*Attorneys for Plaintiff*

| | | |
|---|---|---|
| Vincent Vazquez | : | IN THE COURT OF COMMON PLEAS |
| 2650 Welsh Rd., Apt. 16 | : | PHILADELPHIA COUNTY |
| Philadelphia, PA 19152 | : | |
| Plaintiff | : | July Term 2022 |
| vs. | : | |
| | : | No. |
| Winchester Walk Apartments d/b/a WWW | : | |
| Premier Holdings, LLC | : | |
| 2600 Welsh Rd., Suite 1 | : | |
| Philadelphia, PA 19152 | : | |
| And | : | |
| WWW Premier Holdings, LLC | : | |
| 110 Hillside Blvd., Suite 15 | : | |
| Lakewood, NJ 08701 | : | |
| And | : | |
| WWR Premier Holdings, LLC | : | |
| 920 East County Line Rd. | : | |
| Lakewood, NJ 08701 | : | |
| And | : | |
| Premier Properties and Management | : | |
| Associates, LLC | : | |
| 300 Boulevard of the Americas, Suite 104 | : | |
| Lakewood, NJ 08701 | : | |

Case ID: 220700873

```
                                    And   :
Premier Properties and Management, LLC    :
300 Boulevard of the Americas, Suite 104  :
Lakewood, NJ 08701                        :
_____ Defendants ____  :
```

## NOTICE TO DEFEND

### NOTICE

You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP.

**PHILADELPHIA BAR ASSOCIATION
LAWYER REFERRAL AND
INFORMATION SERVICE
One Reading Center
Philadelphia Pennsylvania 19107
Telephone: (215) 238-6300**

### AVISO

Le han demandado a usted en la corte. Si usted quiere defenderse de estas demandas expuestas en las páginas siguientes, usted tiene viente (20) dias de plazo al partir de la fecha de la demanda y la notificación. Hace falta asentar una comparesencia escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objeciones a las demandas en contra de su persona. Sea avisado que si usted no se defiende, la corte tomará medidas y puede continuar la demanda en contra suya sin previo aviso o notificación. Además, la corte puede decidir a favor del demandante y requiere que usted cumpla con todas las provisiones de esta demanda. Usted puede perder dinero o sus propiedades u otros derechos importantes para usted.

LLEVE ESTA DEMANDA A UN ABOGADO IMMEDIATAMENTE. SI NO TIENE ABOGADO O SI NO TIENE EL DINERO SUFICIENTE DE PAGAR TAL SERVICIO, VAYA EN PERSONA O LLAME POR TELÉFONO A LA OFICINA CUYA DIRECCION SE ENCUENTRA ESCRITA ABAJO PARA AVERIGUAR DONDE SE PUEDE CONSEGUIR ASISTENCIA LEGAL.

**ASOCIACIÓN DE LICENCIADOS DE
FILADELFIA
SERVICIO DE REFERENCIA E
INFORMACIÓN LEGAL
One Reading Center
Filadelfia, Pennsylvania 19107
Telefono:   (215) 238-6300**

## COMPLAINT

1.   Plaintiff, Vincent Vazquez, is resident and citizen of the Commonwealth of Pennsylvania,
residing at the address set forth in the caption of this Complaint.

2.   Upon information and belief, Defendant, Winchester Walk Apartments d/b/a WWW Premier
Holdings, LLC, is a business entity in the Commonwealth of Pennsylvania with an address listed in the
caption of this Complaint and which at all times material hereto was the owner, lessor, lessee and/or
otherwise legally responsible for the care, control and/or safety of the property located at 2650 Welsh
Rd., in Philadelphia, PA.

3.   Upon information and belief, Defendant, WWW Premier Holdings, LLC, is a business entity in
the State of New Jersey with an address listed in the caption of this Complaint and which at all times
material hereto was the owner, lessor, lessee and/or otherwise legally responsible for the care, control
and/or safety of the property located at 2650 Welsh Rd., in Philadelphia, PA.

4.   Upon information and belief, Defendant, WWR Premier Holdings, LLC, is a business entity in
the State of New Jersey with an address listed in the caption of this Complaint and which at all times
material hereto was the owner, lessor, lessee and/or otherwise legally responsible for the care, control
and/or safety of the property located at 2650 Welsh Rd., in Philadelphia, PA.

5.   Upon information and belief, Defendant, Premier Properties and Management Associates, LLC,
is a business entity in the State of New Jersey with an address listed in the caption of this Complaint and
which at all times material hereto was the owner, lessor, lessee and/or otherwise legally responsible for
the care, control and/or safety of the property located at 2650 Welsh Rd., in Philadelphia, PA.

6.   Upon information and belief, Defendant, Premier Properties and Management, LLC, is a
business entity in the State of New Jersey with an address listed in the caption of this Complaint and

which at all times material hereto was the owner, lessor, lessee and/or otherwise legally responsible for the care, control and/or safety of the property located at 2650 Welsh Rd., in Philadelphia, PA.

7.   Defendants named in paragraphs 2 through 6 above will be collectively referred to as "Defendants" for the entirety of this Complaint.

8.   Upon information and belief, Defendants regularly and systematically transact business in Philadelphia County so as to be subject to venue and in personem jurisdiction in Philadelphia.

9.   At all times material hereto, Defendant was acting individually, jointly and/or by and through his agents, servants, servants, franchisees, workmen and/or employees for the maintenance, repair, care and control of the premises located at 2650 Welsh Rd., in Philadelphia, PA, collectively referred to hereinafter as "the premises."

10. On or about February 13, 2021, at approximately 5:24 p.m., Plaintiff was a business invitee, licensee and/or otherwise legally on Defendants' premises.

11.     At all times relevant hereto, Defendants, individually, jointly and/or through its agents, servants, franchisees, workmen and/or employees, had a duty to keep and maintain the aforesaid premises in a reasonably safe condition for those persons lawfully thereon, including Plaintiff.

12. On or about February 13, 2021, while on Defendants' premises, Plaintiff was caused to slip and fall on the snow/ice and the dangerous condition in/on/of the stairs on the premises, causing serious and permanent personal injuries on account of which this action is brought.

13.     At or about the same date, time and place in question, and for some period of time prior thereto, Defendants, acting individually, jointly and/or by and through their agents, servants, franchisees, workmen and/or employees, negligently and/or carelessly allowed and permitted dangerous and unsafe conditions to exist, including but not limited to, the conditions which directly resulted in the Plaintiff's injuries.

<u>**COUNT I**</u>
**Vincent Vazquez vs Winchester Walk Apartments d/b/a WWW Premier Holdings, LLC**
**Personal Injury – Negligence**

14.     The negligence and/or carelessness of the Defendant, individually, jointly and/or through their agents, servants, franchisees, workmen and/or employees, which was the direct and sole cause of the Plaintiff falling, and the resulting injuries suffered by the Plaintiff, consisted of, but is not limited to, the following:

    a.     Failure to design, construct, maintain, and/or repair the stairs and/or other areas on the premises, over which invitees, licensees and/or others are likely to travel, rendering the premises unsafe;

    b.     Failure to properly monitor, test, inspect or clean the stairs and/or other areas on the premises, to see if there were dangerous or defective conditions to those legally on the premises;

    c.     Failure to provide sufficient warning as to the reasonably foreseeable and dangerous nature of the stairs and/or other areas on the premises, to such invitees, licensees and/or others legally on the premises;

    d.     Failure to barricade and/or block-off the dangerous area of the stairs and/or other areas on the premises;

    e.     Failure to reasonably inspect, maintain and/or otherwise exercise due and reasonable care under the circumstances in view of the foreseeable dangers, accidents and/or injuries that could occur as a result of the conditions on the stairs and/or other areas on the premises;

      f.      Failure to comply with all building codes, county, township, and city laws, ordinances and regulations pertaining to the design, construction, and maintenance of the aforementioned premises;

      g.      Failing to exercise the proper care, custody and control over the aforesaid premises;

      h.      Failure to inspect, maintain and/or repair known and/or unknown conditions; and,

      i.      Failing to prevent and/or remove a dangerous condition derived, originated or had its source the aforesaid premises;

      j.      Failing to prevent, detect, inspect, cure and/or warn of the presence of snow/ice which the Defendant improperly permitted to exist and remain on the premises;

      k.      Failing to prevent, detect, inspect, cure and/or warn of the presence of defective and poorly maintained stairs, so as to cause unreasonable risk of harm to pedestrians on the premises; and

      l.      Failing to properly and adequately maintain the stairs on the "premises" in accordance with Philadelphia Code, other applicable codes and regulations, the common law, and/or their respective contractual responsibilities.

15.      Upon information and belief, Defendant had specific knowledge of an ongoing problem with the stairs of the premises where Plaintiff fell.

16.      The negligence and/or carelessness of the Defendant was the direct and sole cause of the poorly maintained stairs, on the premises, causing the premises to be unsafe.

17. As a direct and consequential result of the negligent and/or careless conduct of the Defendants, described above, the Plaintiff suffered various serious and permanent personal injuries, serious impairment of bodily function and/or permanent serious disfigurement and/or aggravation of pre-

existing conditions, and others ills and injuries, including to the right elbow, as well as lower back pain and difficulty walking, all to Plaintiff's great loss and detriment.

18.     As a result of these injuries, all of which are permanent in nature and all of which are to Plaintiff's great financial detriment and loss, Plaintiff has in the past, is presently and may in the future suffer great anguish, sickness and agony and will continue to suffer for an indefinite time into the future.

19.     As an additional result of the carelessness and/or negligence of Defendant, Plaintiff has suffered emotional injuries, along with the physical injuries suffered.

20.     As a further result of Plaintiff's injuries, Plaintiff has in the past, is presently and may in the future undergo a great loss of earnings and/or earning capacity, all to Plaintiff's further loss and detriment.

21.     Furthermore, in addition to all the injuries and losses suffered by Plaintiff, Plaintiff has also incurred or will incur medical, rehabilitative and other related expenses for which he makes a claim for payment in the present action.

WHEREFORE, Plaintiff, Vincent Vazquez, demands judgment in Plaintiff's favor and against Defendant, Winchester Walk Apartments d/b/a WWW Premier Holdings, LLC, in an amount in excess of Seventy-Five Thousand ($75,000.00) Dollars, plus all costs and other relief this court deems just.

**COUNT II**
**Vincent Vazquez vs WWW Premier Holdings, LLC**
**Personal Injury – Negligence**

22. The negligence and/or carelessness of the Defendant, individually, jointly and/or through their agents, servants, franchisees, workmen and/or employees, which was the direct and sole cause of the Plaintiff falling, and the resulting injuries suffered by the Plaintiff, consisted of, but is not limited to, the following:

a.   Failure to design, construct, maintain, and/or repair the stairs and/or other areas on the premises, over which invitees, licensees and/or others are likely to travel, rendering the premises unsafe;

b.   Failure to properly monitor, test, inspect or clean the stairs and/or other areas on the premises, to see if there were dangerous or defective conditions to those legally on the premises;

c.   Failure to provide sufficient warning as to the reasonably foreseeable and dangerous nature of the stairs and/or other areas on the premises, to such invitees, licensees and/or others legally on the premises;

d.   Failure to barricade and/or block-off the dangerous area of the stairs and/or other areas on the premises;

e.   Failure to reasonably inspect, maintain and/or otherwise exercise due and reasonable care under the circumstances in view of the foreseeable dangers, accidents and/or injuries that could occur as a result of the conditions on the stairs and/or other areas on the premises;

f.   Failure to comply with all building codes, county, township, and city laws, ordinances and regulations pertaining to the design, construction, and maintenance of the aforementioned premises;

g.   Failing to exercise the proper care, custody and control over the aforesaid premises;

h.   Failure to inspect, maintain and/or repair known and/or unknown conditions; and,

i.   Failing to prevent and/or remove a dangerous condition derived, originated or had its source the aforesaid premises;

Case ID: 220700873

j.      Failing to prevent, detect, inspect, cure and/or warn of the presence of snow/ice

which the Defendant improperly permitted to exist and remain on the premises;

k.      Failing to prevent, detect, inspect, cure and/or warn of the presence of defective

and poorly maintained stairs, so as to cause unreasonable risk of harm to

pedestrians on the premises; and

l.      Failing to properly and adequately maintain the stairs on the "premises" in

accordance with Philadelphia Code, other applicable codes and regulations, the

common law, and/or their respective contractual responsibilities.

23. Upon information and belief, Defendant had specific knowledge of an ongoing problem with the

stairs of the premises where Plaintiff fell.

24. The negligence and/or carelessness of the Defendant was the direct and sole cause of the poorly

maintained stairs, on the premises, causing the premises to be unsafe.

25. As a direct and consequential result of the negligent and/or careless conduct of the Defendants,

described above, the Plaintiff suffered various serious and permanent personal injuries, serious

impairment of bodily function and/or permanent serious disfigurement and/or aggravation of pre-

existing conditions, and others ills and injuries, including to the right elbow, as well as lower back pain

and difficulty walking, all to Plaintiff's great loss and detriment.

26. As a result of these injuries, all of which are permanent in nature and all of which are to

Plaintiff's great financial detriment and loss, Plaintiff has in the past, is presently and may in the future

suffer great anguish, sickness and agony and will continue to suffer for an indefinite time into the future.

27. As an additional result of the carelessness and/or negligence of Defendant, Plaintiff has suffered

emotional injuries, along with the physical injuries suffered.

28. As a further result of Plaintiff's injuries, Plaintiff has in the past, is presently and may in the future undergo a great loss of earnings and/or earning capacity, all to Plaintiff's further loss and detriment.

29. Furthermore, in addition to all the injuries and losses suffered by Plaintiff, Plaintiff has also incurred or will incur medical, rehabilitative and other related expenses for which he makes a claim for payment in the present action.

WHEREFORE, Plaintiff, Vincent Vazquez, demands judgment in Plaintiff's favor and against Defendant, WWW Premier Holdings, LLC, in an amount in excess of Seventy-Five Thousand ($75,000.00) Dollars, plus all costs and other relief this court deems just.

### COUNT III
**Vincent Vazquez vs WWR Premier Holdings, LLC**
**Personal Injury – Negligence**

30. The negligence and/or carelessness of the Defendant, individually, jointly and/or through their agents, servants, franchisees, workmen and/or employees, which was the direct and sole cause of the Plaintiff falling, and the resulting injuries suffered by the Plaintiff, consisted of, but is not limited to, the following:

a.     Failure to design, construct, maintain, and/or repair the stairs and/or other areas on the premises, over which invitees, licensees and/or others are likely to travel, rendering the premises unsafe;

b.     Failure to properly monitor, test, inspect or clean the stairs and/or other areas on the premises, to see if there were dangerous or defective conditions to those legally on the premises;

Case ID: 220700873

c.  Failure to provide sufficient warning as to the reasonably foreseeable and dangerous nature of the stairs and/or other areas on the premises, to such invitees, licensees and/or others legally on the premises;

d.  Failure to barricade and/or block-off the dangerous area of the stairs and/or other areas on the premises;

e.  Failure to reasonably inspect, maintain and/or otherwise exercise due and reasonable care under the circumstances in view of the foreseeable dangers, accidents and/or injuries that could occur as a result of the conditions on the stairs and/or other areas on the premises;

f.  Failure to comply with all building codes, county, township, and city laws, ordinances and regulations pertaining to the design, construction, and maintenance of the aforementioned premises;

g.  Failing to exercise the proper care, custody and control over the aforesaid premises;

h.  Failure to inspect, maintain and/or repair known and/or unknown conditions; and,

i.  Failing to prevent and/or remove a dangerous condition derived, originated or had its source the aforesaid premises;

j.  Failing to prevent, detect, inspect, cure and/or warn of the presence of snow/ice which the Defendant improperly permitted to exist and remain on the premises;

k.  Failing to prevent, detect, inspect, cure and/or warn of the presence of defective and poorly maintained stairs, so as to cause unreasonable risk of harm to pedestrians on the premises; and

l.      Failing to properly and adequately maintain the stairs on the "premises" in

accordance with Philadelphia Code, other applicable codes and regulations, the

common law, and/or their respective contractual responsibilities.

31. Upon information and belief, Defendant had specific knowledge of an ongoing problem with the

stairs of the premises where Plaintiff fell.

32. The negligence and/or carelessness of the Defendant was the direct and sole cause of the poorly

maintained stairs, on the premises, causing the premises to be unsafe.

33. As a direct and consequential result of the negligent and/or careless conduct of the Defendants,

described above, the Plaintiff suffered various serious and permanent personal injuries, serious

impairment of bodily function and/or permanent serious disfigurement and/or aggravation of pre-

existing conditions, and others ills and injuries, including to the right elbow, as well as lower back pain

and difficulty walking, all to Plaintiff's great loss and detriment.

34. As a result of these injuries, all of which are permanent in nature and all of which are to

Plaintiff's great financial detriment and loss, Plaintiff has in the past, is presently and may in the future

suffer great anguish, sickness and agony and will continue to suffer for an indefinite time into the future.

35. As an additional result of the carelessness and/or negligence of Defendant, Plaintiff has suffered

emotional injuries, along with the physical injuries suffered.

36. As a further result of Plaintiff's injuries, Plaintiff has in the past, is presently and may in the

future undergo a great loss of earnings and/or earning capacity, all to Plaintiff's further loss and

detriment.

37. Furthermore, in addition to all the injuries and losses suffered by Plaintiff, Plaintiff has also

incurred or will incur medical, rehabilitative and other related expenses for which he makes a claim for

payment in the present action.

WHEREFORE, Plaintiff, Vincent Vazquez, demands judgment in Plaintiff's favor and against Defendant, WWR Premier Holdings, LLC, in an amount in excess of Seventy-Five Thousand ($75,000.00) Dollars, plus all costs and other relief this court deems just.

### COUNT IV
**Vincent Vazquez vs Premier Properties and Management Associates, LLC**
**Personal Injury – Negligence**

38. The negligence and/or carelessness of the Defendant, individually, jointly and/or through their agents, servants, franchisees, workmen and/or employees, which was the direct and sole cause of the Plaintiff falling, and the resulting injuries suffered by the Plaintiff, consisted of, but is not limited to, the following:

    a.    Failure to design, construct, maintain, and/or repair the stairs and/or other areas on the premises, over which invitees, licensees and/or others are likely to travel, rendering the premises unsafe;

    b.    Failure to properly monitor, test, inspect or clean the stairs and/or other areas on the premises, to see if there were dangerous or defective conditions to those legally on the premises;

    c.    Failure to provide sufficient warning as to the reasonably foreseeable and dangerous nature of the stairs and/or other areas on the premises, to such invitees, licensees and/or others legally on the premises;

    d.    Failure to barricade and/or block-off the dangerous area of the stairs and/or other areas on the premises;

    e.    Failure to reasonably inspect, maintain and/or otherwise exercise due and reasonable care under the circumstances in view of the foreseeable dangers,

Case ID: 220700873

accidents and/or injuries that could occur as a result of the conditions on the stairs and/or other areas on the premises;

f.      Failure to comply with all building codes, county, township, and city laws, ordinances and regulations pertaining to the design, construction, and maintenance of the aforementioned premises;

g.      Failing to exercise the proper care, custody and control over the aforesaid premises;

h.      Failure to inspect, maintain and/or repair known and/or unknown conditions; and,

i.      Failing to prevent and/or remove a dangerous condition derived, originated or had its source the aforesaid premises;

j.      Failing to prevent, detect, inspect, cure and/or warn of the presence of snow/ice which the Defendant improperly permitted to exist and remain on the premises;

k.      Failing to prevent, detect, inspect, cure and/or warn of the presence of defective and poorly maintained stairs, so as to cause unreasonable risk of harm to pedestrians on the premises; and

l.      Failing to properly and adequately maintain the stairs on the "premises" in accordance with Philadelphia Code, other applicable codes and regulations, the common law, and/or their respective contractual responsibilities.

39. Upon information and belief, Defendant had specific knowledge of an ongoing problem with the stairs of the premises where Plaintiff fell.

40. The negligence and/or carelessness of the Defendant was the direct and sole cause of the poorly maintained stairs, on the premises, causing the premises to be unsafe.

41. As a direct and consequential result of the negligent and/or careless conduct of the Defendants, described above, the Plaintiff suffered various serious and permanent personal injuries, serious impairment of bodily function and/or permanent serious disfigurement and/or aggravation of pre-existing conditions, and others ills and injuries, including to the right elbow, as well as lower back pain and difficulty walking, all to Plaintiff's great loss and detriment.

42. As a result of these injuries, all of which are permanent in nature and all of which are to Plaintiff's great financial detriment and loss, Plaintiff has in the past, is presently and may in the future suffer great anguish, sickness and agony and will continue to suffer for an indefinite time into the future.

43. As an additional result of the carelessness and/or negligence of Defendant, Plaintiff has suffered emotional injuries, along with the physical injuries suffered.

44. As a further result of Plaintiff's injuries, Plaintiff has in the past, is presently and may in the future undergo a great loss of earnings and/or earning capacity, all to Plaintiff's further loss and detriment.

45. Furthermore, in addition to all the injuries and losses suffered by Plaintiff, Plaintiff has also incurred or will incur medical, rehabilitative and other related expenses for which he makes a claim for payment in the present action.

WHEREFORE, Plaintiff, Vincent Vazquez, demands judgment in Plaintiff's favor and against Defendant, Premier Properties and Management Associates, LLC, in an amount in excess of Seventy-Five Thousand ($75,000.00) Dollars, plus all costs and other relief this court deems just.

### COUNT V
**Vincent Vazquez vs Premier Properties and Management, LLC**
**Personal Injury – Negligence**

46. The negligence and/or carelessness of the Defendant, individually, jointly and/or through their agents, servants, franchisees, workmen and/or employees, which was the direct and sole cause of the Plaintiff falling, and the resulting injuries suffered by the Plaintiff, consisted of, but is not limited to, the following:

a.  Failure to design, construct, maintain, and/or repair the stairs and/or other areas on the premises, over which invitees, licensees and/or others are likely to travel, rendering the premises unsafe;

b.  Failure to properly monitor, test, inspect or clean the stairs and/or other areas on the premises, to see if there were dangerous or defective conditions to those legally on the premises;

c.  Failure to provide sufficient warning as to the reasonably foreseeable and dangerous nature of the stairs and/or other areas on the premises, to such invitees, licensees and/or others legally on the premises;

d.  Failure to barricade and/or block-off the dangerous area of the stairs and/or other areas on the premises;

e.  Failure to reasonably inspect, maintain and/or otherwise exercise due and reasonable care under the circumstances in view of the foreseeable dangers, accidents and/or injuries that could occur as a result of the conditions on the stairs and/or other areas on the premises;

f.  Failure to comply with all building codes, county, township, and city laws, ordinances and regulations pertaining to the design, construction, and maintenance of the aforementioned premises;

g.  Failing to exercise the proper care, custody and control over the aforesaid premises;

h.  Failure to inspect, maintain and/or repair known and/or unknown conditions; and,

i.  Failing to prevent and/or remove a dangerous condition derived, originated or had its source the aforesaid premises;

j.  Failing to prevent, detect, inspect, cure and/or warn of the presence of snow/ice which the Defendant improperly permitted to exist and remain on the premises;

k.  Failing to prevent, detect, inspect, cure and/or warn of the presence of defective and poorly maintained stairs, so as to cause unreasonable risk of harm to pedestrians on the premises; and

l.  Failing to properly and adequately maintain the stairs on the "premises" in accordance with Philadelphia Code, other applicable codes and regulations, the common law, and/or their respective contractual responsibilities.

47. Upon information and belief, Defendant had specific knowledge of an ongoing problem with the stairs of the premises where Plaintiff fell.

48. The negligence and/or carelessness of the Defendant was the direct and sole cause of the poorly maintained stairs, on the premises, causing the premises to be unsafe.

49. As a direct and consequential result of the negligent and/or careless conduct of the Defendants, described above, the Plaintiff suffered various serious and permanent personal injuries, serious impairment of bodily function and/or permanent serious disfigurement and/or aggravation of pre-existing conditions, and others ills and injuries, including to the right elbow, as well as lower back pain and difficulty walking, all to Plaintiff's great loss and detriment.

50. As a result of these injuries, all of which are permanent in nature and all of which are to Plaintiff's great financial detriment and loss, Plaintiff has in the past, is presently and may in the future suffer great anguish, sickness and agony and will continue to suffer for an indefinite time into the future.

51. As an additional result of the carelessness and/or negligence of Defendant, Plaintiff has suffered emotional injuries, along with the physical injuries suffered.

52. As a further result of Plaintiff's injuries, Plaintiff has in the past, is presently and may in the future undergo a great loss of earnings and/or earning capacity, all to Plaintiff's further loss and detriment.

53. Furthermore, in addition to all the injuries and losses suffered by Plaintiff, Plaintiff has also incurred or will incur medical, rehabilitative and other related expenses for which he makes a claim for payment in the present action.

WHEREFORE, Plaintiff, Vincent Vazquez, demands judgment in Plaintiff's favor and against Defendant, Premier Properties and Management, LLC, in an amount in excess of Seventy-Five Thousand ($75,000.00) Dollars, plus all costs and other relief this court deems just.

SIMON & SIMON, P.C.

BY:_____/s_____
Marc I. Simon, Esquire
Simon & Simon, P.C.
*Attorney for Plaintiffs*

## **VERIFICATION**

I, Marc I. Simon, hereby state that I am the attorney for Plaintiff, in the within action and that the facts set forth in this Civil Action Complaint above are true and correct to the best of my knowledge, information and belief.

I understand that the statements in this Verification are made subject to the penalties of 18 Pa.C.S. § 4904 relating to unsworn falsification to authorities.


_____*Marc Simon*_____
Marc I. Simon

Case ID: 220700873

DocuSign Envelope ID: B9A86CFE-0C45-4C8C-98D6-47FABE73D65D

## VERIFICATION

I am the Plaintiff this action, and I hereby state that the facts set forth in the foregoing pleading are true and correct to the best of my knowledge, information and belief.  I understand that this Verification is subject to 18 Pa.C.S. § 4904 providing for criminal penalties for unsworn falsification to authorities.



# EXHIBIT B

**RAWLE & HENDERSON LLP**
By:     Sheila E. O'Donnell, Esquire
            Robert E. Gordon, Esquire
ID Nos.:  73323, 306778
725 Skippack Pike, Suite 230
Blue Bell, PA 19422
(610) 940-4092

---

| | |
|---|---|
| Vincent Vazquez, : | COURT OF COMMON PLEAS |
| Plaintiff, : | |
| v. : | PHILADELPHIA COUNTY |
| Winchester Walk Apartments DBA : | |
| WWW Premier Holdings LLC : | Civil Action No.  220700873 |
| and : | |
| WWW Premier Holdings LLC, : | |
| and : | |
| WWR Premier Holdings LLC, : | |
| and : | |
| Premier Properties and Management : | |
| Associates LLC, : | |
| and : | |
| Premier Properties and Management LLC, : | |
| Defendants. : | |

---

## NOTICE OF FILING NOTICE OF REMOVAL

PLEASE TAKE NOTICE that Defendants, WWW Premier Holdings LLC, WWR Premier

Holdings LLC, Premier Properties and Management Associates LLC, and Premier Properties and

Management LLC ("Defendants"), on August 1, 2022 filed a Notice of Removal, a copy of which

is attached as Exhibit "A,"[1] in the Office of the Clerk of the United States District Court for the Eastern District of Pennsylvania.

Defendants have given written notice of the filing of the Notice of Removal to Plaintiff, Vincent Vazquez, by notifying his counsel of record.  Pursuant to 28 U.S.C. § 1446(d), the above-styled Court of Common Pleas action is now removed to the United States District Court for the Eastern District of Pennsylvania, and all further proceedings in this Court are stayed unless and until the case is remanded.

Respectfully Submitted,

**RAWLE & HENDERSON, LLP**

By: _____
Sheila E. O'Donnell, Esquire
Robert E. Gordon, Esquire
PA Id. 73323, 306778
725 Skippack Pike, Suite 230
Blue Bell, PA 19422
Tel.: (610) 940-4092
sodonnell@rawle.com
rgordon@rawle.com
*WWW Premier Holdings LLC,*
*WWR Premier Holdings LLC,*
*Premier Properties and Management*
*Associates LLC, and Premier Properties and*
*Management LLC*

Dated: August 1, 2022

---

[1] The exhibits to the Notice of Removal, consisting of the documents filed in this Court and this Notice of Filing Notice of Removal, have been omitted from Exhibit A.

## CERTIFICATE OF SERVICE

I, Sheila E. O'Donnell, Esquire, certify that on this 1st day of August, 2022, a true and correct copy of Defendants, WWW Premier Holdings LLC's, WWR Premier Holdings LLC's, Premier Properties and Management Associates LLC's, and Premier Properties and Management LLC's s Notice of Filing Notice of Removal was served via electronic mail and U.S. Mail upon the following counsel:

Marc I. Simon, Esquire
Simon & Simon, PC
18 Campus Boulevard, Suite 100
Newtown Square, PA 19073
marcsimon@gosimon.com
CourtFilingsPHL2@gosimon.com
*Attorney for Plaintiff Vincent Vazquez*

**RAWLE & HENDERSON, LLP**

By:

Sheila E. O'Donnell, Esquire
Robert E. Gordon, Esquire
PA Id. 73323, ,306778
725 Skippack Pike, Suite 230
Blue Bell, PA 19422
Tel.: (610) 940-4092
sodonnell@rawle.com
rgordon@rawle.com
*WWW Premier Holdings LLC,*
*WWR Premier Holdings LLC,*
*Premier Properties and Management*
*Associates LLC, and Premier Properties and*
*Management LLC*

Dated: August 1, 2022